IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY MARTEN** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | NO. 05-0472 |
| **MARILYN BROOKS, Warden** | : | |
| Respondent. | : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 3rd day of April, 2006, upon consideration of the Petition for Writ of Habeas Corpus filed Pursuant 28 U.S.C. § 2254 by petitioner, Jeffrey Marten, and the record in this case, and the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated March 3, 2006, and Petitioner's Written Objections to the Report and Recommendation, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Arnold C. Rapaport dated March 3, 2006, is **APPROVED** and **ADOPTED**;

2. Petitioner's Written Objections to the Report and Recommendation are **OVERRULED**;

3. The Petition for Writ of Habeas Corpus filed Pursuant to 28 U.S.C. § 2254 by petitioner, Jeffrey Marten, is **DENIED WITHOUT PREJUDICE**; and,

4. A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

**MEMORANDUM**

The procedural history and the facts of the case are detailed in the Report and Recommendation of United States Magistrate Judge Arnold C. Rapaport dated March 3, 2006, and need not be repeated in this Memorandum. This Memorandum will focus on petitioner's Objections.

The gravamen of the Petition is that the Commonwealth has violated petitioner's right to a speedy appeal. See *Simmons v. Beyer*, 44 F.3d 1160, 1169 (3d Cir. 1995) (citing *Burkett v. Cunningham*, 826 F.2d 1208, 1221 (3d Cir. 1986)). In response, the respondents argue that petitioner has not exhausted his state remedies.

The exhaustion issue was addressed in-depth in the Report and Recommendation. The Magistrate Judge determined that petitioner had not yet exhausted his state remedies and then analyzed the question whether exhaustion should be excused. This Court agrees with the analysis in the Report, and the recommendation that exhaustion not be excused because, notwithstanding the delay from the date of filing the Notice of Appeal in December, 1999, some of which delay was attributable to petitioner, exhaustion should not be excused because there has been ongoing activity in the appellate court and the trial court.

Petitioner objects to certain of the calculations in the Report and Recommendation dealing with the delay and the appellate process attributable to petitioner. The Court agrees with what is set forth in the Report and Recommendation on that issue. The remaining issues addressed in the Objections do not bear on this Court's conclusion that petitioner has failed to exhaust in state court the issues raised in his Petition. Exhaustion will not be excused because, notwithstanding the passage of time since the filing of the Notice of Appeal in December of

1999, state proceedings have been ongoing and petitioner's direct appeal is currently proceeding in state court.

BY THE COURT:

/s/ Honorable Jan E. DuBois
JAN E. DUBOIS, J.